Plaintiff's motion for a writ of mandamus is denied.

MELAMINE CHEMICALS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Before LANDIS, *Judge.*

Court No. 80-6-00878

(Dated September 29, 1981)

*Baker & McKenzie* (*Bruce E. Clubb* on the brief) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Francis J. Sailer* on the brief), for the defendant.

LANDIS, *Judge:* In this antidumping action previously instituted pursuant to 19 U.S.C. § 1516a(a)(2)(B) plaintiff moves for an order to supplement the agency record by adding the International Trade Commission ITC) record in Investigation No. 731-TA-16, melamine in crystal form from the Netherlands.

In this action plaintiff has asked the court to review a final negative determination of the Commerce Department. This is one of the three cases involving the dumping of melamine in the United States. On November 13, 1979, Treasury published tentative affirmative determinations in the Austrian and Italian cases and a tentative negative determination in this case involving the Netherlands (44 Fed. Reg. 65517). On January 1, 1980, the responsibility for the administration of the antidumping laws' less than fair value determination phase was transferred to the Department of Commerce. On February 26, 1980, Commerce published a Notice that it had found an error in Treasury's computations in the Netherlands case and that there was, in fact, sales at less than fair value. The Tentative Negative Determination was amended to an Affirmative Preliminary Determination (45 Fed. Reg. 12466).

On March 20 and 21, 1980, Commerce issued an Affirmative Final Determination in the three cases. (45 Fed. Reg. 18416, 20151, 20152). Meanwhile, the ITC initiated injury investigations in the Austrian and Italian cases effective January 1, 1980 and an injury investigation in the Netherlands case effective February 26, 1980 (Investigation No. 731–TA–16 (Final), 45 Fed. Reg. 17096). Hearings were held on April 11 and 12, 1980 in Washington.

On May 5, 1980, Commerce amended its original finding and published a Final Negative Determination in the Netherlands case (45 Fed. Reg. 29619). As a result of the withdrawal of the Final Affirmative Determination the ITC made no finding in the Netherlands case but found that there was no material injury in the Austrian and Italian cases (45 Fed. Reg. 31830).

Plaintiff argues that in order to assess the degree of prejudice which it suffered because of Commerce's withdrawal of its Final Affirmative Determination in the Netherlands case it is essential that the agency record to be reviewed by the court include the record of the proceedings before the ITC.

A review of the applicable law indicates that the scope of judicial review of a final negative determination by the Secretary of Treasury or the administrative authority pursuant to 19 U.S.C. § 1673d is whether the determination is supported by substantial evidence on the record or is otherwise not in accordance with law (19 U.S.C. § 1516a(b)(1)(B)). The action under review in this case is the Amended Final Determination of Sales at Not Less Than Fair Value by the administering agency (Department of Commerce) (45 Fed. Reg. 29619). The record for review consists of all information presented to or obtained by the Secretary of Treasury and the administering authority as well as all other items set forth pursuant to 19 U.S.C. § 1516a(b)(2).

The ITC preliminary determination proceedings commenced effective February 26, 1980, the date that the Commerce Department amended Treasury's Tentative Determination of Sales at Not Less Than Fair Value to an affirmative preliminary determination. Commerce's amendment prompted the ITC final investigation pursuant to section 735(b)(2) of the Tariff Act of 1930, as amended (19 U.S.C. § 1673d(b)(2)). On March 21, 1980 Commerce issued its Affirmative Final Determination in the Netherlands case. At this juncture the ITC investigation was continuing and hearings were held subsequently. Pursuant to section 735(b)(2) the ITC had until June 25, 1980 to issue a final determination. However, upon notification of Commerce's amended affirmative final determination to a negative final determination as to the Netherlands the ITC terminated its injury investigation as to that country. *No determination was made with respect to the injury phase of melamine from the Netherlands.*

The termination of the Netherlands investigation was proper and in accordance with the law. Section 735(b)(2) (19 U.S.C. § 1673d(b)(1)) directs the ITC to make a final material injury finding only where the administering authority has made a final affirmative determination pursuant to 19 U.S.C. § 1673d(a). This statutory interpretation becomes conclusively clear upon reading the House Report accompanying the Trade Agreements Act of 1979.

It states in part:

> If the Authority's final determination is negative, the proceeding terminates, as under present law, including any injury investigation being conducted by the ITC. * * * [ H.R. Rep. No. 96–317, 96th Cong. 1st Sess. 68 (1979).]

Under the prior law, section 201 of the Antidumping Act of 1921, 19 U.S.C. § 160, the injury phase of an antidumping proceeding did not commence until the Secretary of the Treasury had made what amounts presently to a final determination. To expedite the investigations the Trade Agreements Act permits the injury investigation phase to commence immediately upon a *preliminary* finding of sales at less than fair value by the administering authority while shortening the time within which a final injury determination may be rendered (section 735(b)(2), Tariff Act of 1930, as amended, 19 U.S.C. § 1673d (b)(2)). There is no legislative intent indicating that because an injury investigation is permitted to commence prior to a final affirmative determination by the administering authority that the record made in the injury phase becomes part of the record in the less than fair value phase subject to judicial review simply because the investigations proceeded simultaneously.

The court is not unmindful of the broad and encompassing language that defines the record for review (19 U.S.C. § 1516a(b)(2)). The intent

is that the court have a meaningful and comprehensive record before it on review with the express purpose of eliminating the necessity of a *de novo* review in antidumping actions. Congress believes that by affording petitioners greater participation and rights at the administrative level with a full record of proceedings it accomplishes this goal. This is evident from the Senate Report accompanying the Trade Agreements Act which states:

> Section 516A would remove all doubt on whether *de novo* review is appropriate by excluding *de novo* review from consideration as a standard in antidumping and countervailing duty determinations. *De novo* review is both time consuming and duplicative. The amendments made by Title I of the Trade Agreements Act provide all parties with greater rights of participation at the administrative level and increased access to information upon which the decisions of the administering authority and the International Trade Commission are based. These changes, along with the new requirement for a record of the proceeding, have eliminated any need for *de novo* review.

S. Rep. No. 96–249, 96th Cong., 1st Sess. 251, 252 (1979). See also *ASG Industries, Inc.* v. *United States*, 67 CCPA 11, C.A.D. 1237, 610 F. 2d 770 (1979).

However, there is no discernible intent that the record for judicial review consist of unrelated proceedings not raised during the particular administrative action under review. The action for review here is only Commerce's amended Final Determination of Sales at Not Less than Fair Value. This is all the plaintiff seeks in its complaint. There has been no administrative decision regarding injury to a domestic industry that is subject to judicial review under the statute and thus no claim upon which the court can grant relief. The fact that the ITC investigation concerning melamine from the Netherlands will be in issue in the Italian and Austrian cases is of no consequence to this case. Contrary to the instant action, those cases involve a final negative *injury* determination by the ITC which is subject statutorily to judicial review and which state claims upon which the court may grant relief.

Accordingly, plaintiff's motion to supplement the agency record is denied.